JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05009-RGK-SK | Date | August 23, 2023 |
|---|---|---|---|
| Title | *K.A. v. Doe 1* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 13] and Defendant's Motion to Dismiss [DE 14]**

## I.   INTRODUCTION

On July 27, 2022, K.A. ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Doe 1, an international church ("Defendant"), alleging that a youth pastor who worked for Defendant sexually abused her in 1984, when she was seventeen years old. (ECF No. 1-1.)

On June 23, Defendant removed the case to federal court. (ECF No. 1.) Presently before the Court is Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. (ECF Nos. 13–14.) For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES as moot** Defendant's Motion to Dismiss.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that one of Defendant's employees, a youth pastor, sexually abused her on June 18, 1984, when she was seventeen years old, and that Defendant is responsible for the actions of its employee. Plaintiff alleges that Defendant operated, oversaw, controlled, and governed all its employees and agents, including the aforementioned youth pastor, and that Defendant's organizational structure and hierarchical governance ultimately enabled and empowered its employee to sexually assault Plaintiff. She alleges that Defendant also furthered the damage to Plaintiff by then covering for and protecting the youth pastor. Plaintiff is, and has been at all relevant times, a resident of Indiana; Defendant has its international headquarters in California. Though the alleged rape occurred in Indiana, Plaintiff brought suit in California to ensure the court's personal jurisdiction over Defendant.

Plaintiff filed suit against Defendant in California state court on July 27, 2022. Plaintiff sent Defendant a letter attaching Plaintiff's Complaint on August 16, 2022. Plaintiff received a response from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05009-RGK-SK | Date | August 23, 2023 |
|---|---|---|---|
| Title | *K.A. v. Doe 1* | | |

Defendant on August 26, 2022. Defendant's counsel participated in status conferences with the state court on December 27, 2022 and March 23, 2023, but Defendant's counsel identified her participation in these status conferences as special appearances.

On May 23, 2023, Plaintiff's counsel emailed Defendant's counsel asking if Defendant would accept service of process by notice and acknowledgement. On May 24, 2023, Defendant's counsel indicated that Defendant had agreed and would execute a notice and acknowledgement form. On June 6, 2023, Plaintiff's counsel sent Defendant's counsel the form. On June 13, 2023, Plaintiff's counsel still had not received the completed form, so she followed up with Defendant's counsel. Defendant's counsel replied that Defendant was busy, but that she would send the signed form before the deadline.

On June 23, 2023, both parties met over Zoom to discuss the case, including the timing of Plaintiff's deposition. Defendant's counsel then informed Plaintiff that Defendant intended to remove the case to federal court and that Defendant no longer intended to accept service by notice and acknowledgement. Plaintiff engaged a process server that same day. Defendant removed the case on the basis of diversity jurisdiction that evening.[1]

### III. MOTION TO REMAND

#### A. Judicial Standard

Defendants may remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1441(a)–(b). The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

Though an action may be otherwise removable under 28 U.S.C. § 1441, according to the "forum defendant rule," local defendants cannot remove a case to federal court based on diversity jurisdiction.

---

[1] Defendant filed several objections to an exhibit that Plaintiff submitted in support of her Reply brief. Because the Court does not rely on that exhibit, Defendant's objections are **OVERRULED as moot.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05009-RGK-SK | Date | August 23, 2023 |
|---|---|---|---|
| Title | *K.A. v. Doe 1* | | |

28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) ("Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court.").

**B.    Discussion**

Plaintiff argues that the Court should remand because Defendant, a California citizen, was served and therefore not permitted to remove under the forum defendant rule, and notwithstanding service, removal would be inconsistent with the purpose of the forum defendant rule. The Court addresses each argument in turn.

1. *Whether Defendant Was Served*

The forum defendant rule applies if: (1) removal is based solely on the basis of diversity jurisdiction; (2) a party is a citizen of the state in which the action is brought; and (3) that party is properly joined and served. 28 U.S.C. § 1441(a)–(b). Here, it is uncontested that removal was solely on the basis of diversity jurisdiction and that Defendant is a citizen of California, the state in which this action is brought. The contested issue is whether Defendant was properly served.

First, Plaintiff argues that Defendant received service by notice and acknowledgement, but the Court disagrees. For this form of service in state court, service is complete "on the date a written acknowledgement of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. § 415.30. The plain language of the statute requires written acknowledgement of the summons to be returned to the sender for service to be complete. Defendant never signed the signed the acknowledgement of service of process, and thus there was no service. Merely agreeing to accept service through notice and acknowledgement does not constitute service, as this would negate the requirements of § 415.30.

Second, Plaintiff asserts that Defendant received the equivalent of service by appearing generally in state court, but the Court also disagrees. "A general appearance by a party is equivalent to personal service of summons on such party." Cal. Civ. Proc. Code § 410.50. A general appearance is an act that reflects an intent to submit to the jurisdiction of the court, and whether an appearance is general depends on the "character of the relief sought." *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 52 (2004); *Brown v. Douglas Aircraft Co.*, 166 Cal. App 2d 232, 237 (1958). Here, Defendant never made any general appearances. While Defendant's counsel attended status conferences in state court, she characterized her appearances as special appearances and did not seek any relief from the court. These appearances do not constitute general appearances. *Nam Tai Elecs. v. Titzer*, 93 Cal. App. 4th 1301, 1308–09 (2001) (overruled in part on other grounds) (holding that counsel's participation at a status conference, without more, does not constitute a general appearance.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05009-RGK-SK | Date | August 23, 2023 |
|---|---|---|---|
| Title | *K.A. v. Doe 1* | | |

As neither an agreement to accept service nor the special appearances at status conferences are equivalent to service of process, Defendant has not been served, and thus the forum defendant rule would not apply based on the rule's plain meaning. Defendant's removal was technically proper under the statute.

 2. *Avoiding Absurd Results*

Nevertheless, a court may depart from the plain meaning interpretation of a statute if necessary to avoid an absurd result that conflicts with the legislative purpose of the statute. *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) (holding that when the plain meaning has led to absurd or unreasonable results "at variance with the policy of the legislation," "this Court has looked beyond the words to the purpose of the act" and "followed that purpose, rather than the literal words.").

Plaintiff argues that the absurd results doctrine applies here because removal is contrary to the intent of the forum defendant rule. As the forum defendant rule is meant to protect out-of-state defendants, and Defendant is in-state, the Court agrees. Remanding preserves the purpose of the legislation.

"Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . . The need for this protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively*, 456 F.3d at 940. The issue of an in-state defendant seeking to remove does not arise frequently, so the Ninth Circuit has not yet addressed it. But as one district court observed, there are two consistent themes that district courts consider when addressing the forum defendant rule: first, the court considers the parties' characteristics and the timing of their actions, including any gamesmanship involved in removing; second, the court considers the purpose of the forum defendant rule and seeks to protect the integrity of removal jurisdiction. *Llanos v. Delta Air Lines, Inc.*, 2020 U.S. Dist. LEXIS 24365, at *9 (C.D. Cal. Feb. 11, 2020).

Here, both concerns weigh in favor of remand. First, Plaintiff's failure to serve Defendant was at least partly caused by Defendant's counsel's statement that it would accept service by notice and acknowledgement. Even after receiving the notice and acknowledgment form, Defendant's counsel confirmed that Defendant intended to sign and return it before the deadline. Then, three weeks later, after discussing deposition dates with Plaintiff, Defendant suddenly informed Plaintiff that it planned to remove the case. These tactics appear to have been gamesmanship by Defendant, as only through this maneuvering was Defendant able to avoid service and remove despite the forum defendant rule. *See id.* at *10–11 ("[D]efendant was able to evade the forum defendant rule only by representing to Plaintiff that [Defendant] would accept process . . . and then delaying execution for the notice and acknowledgement of receipt forms."). In this manner, Defendant contributed to Plaintiff's failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05009-RGK-SK | Date | August 23, 2023 |
|---|---|---|---|
| Title | *K.A. v. Doe 1* | | |

serve and the ultimate inapplicability of the forum defendant rule. Thus, the parties' characteristics and the timing of their actions weigh in favor of remand.

Second, removal would run counter to the purpose of the forum defendant rule. Removal is meant to "protect out-of-state defendants from possible prejudices in state court." *See Lively*, 456 F.3d at 940. "The need for this protection is absent" for in-state defendants, and thus the forum defendant rule serves to prevent in-state defendants from removing under these circumstances. *Id*. Because Defendant is headquartered in California, Defendant would suffer no prejudice in state court. To allow Defendant to remove here without any showing that it would be subject to the prejudice that removal was intended to guard against would plainly violate the purpose of the forum defendant rule, particularly given that the removal was only possible thanks to Defendant's apparent gamesmanship. *See Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 554 (S.D.W. Va. 2015) ("Rather than only providing a shield for defendants against gamesmanship by plaintiffs, the literal interpretation of [the forum defendant rule] would provide an incentive for defendants to employ gamesmanship, themselves, by racing to remove newly filed actions. . . . It defies any notion of common sense. . . ."). Thus, the purpose of the forum defendant rule also weighs in favor of remand.

Because removal according to a plain interpretation of the forum defendant rule would lead to absurd results, the Court finds remand proper. Thus, the Court **GRANTS** Plaintiff's Motion to Remand.

### IV.   MOTION TO DISMISS

As discussed above, the Court finds remand proper, thereby depriving the Court of jurisdiction to reach Defendant's arguments for dismissal. Thus, the Court **DENIES as moot** Defendant's Motion to Dismiss.

### V.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES as moot** Defendant's Motion to Dismiss. The Court accordingly **REMANDS** the action to state court.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | JRE/snf |